# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONNIE P. SIDDLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08-cv-0478-MJR |
| ) | |
| WAL-MART STORES, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

### A. Factual and Procedural History

Siddle initially commenced this cause of action on May 28, 2008, in the Circuit Court of St. Clair County, Illinois, claiming Wal-Mart's failure to exercise ordinary care in maintaining its premises caused him to slip and fall. Siddle served Wal-Mart with the complaint on June 2, 2008 (Doc. 2-4, p. 1).

On July 2, 2008, Wal-Mart sought to remove the case to this District Court. At approximately 4:30 p.m. on that date, Wal-Mart emailed copies of the state court complaint, a notice of filing, a civil cover sheet, and an exhibit to the email address specified in the CM/ECF User's Manual (Revised October 2007) (*See* Doc. 13-2, Exh. 1). *See* **http://www.ilsd.uscourts.gov/Forms/PDF%20Forms/Section4-Civil.pdf.** Wal-Mart also included the law firm's credit card information so that the filing fee could be paid. At the time, Wal-Mart failed to include a Notice of Removal, but sent one on July 3, the following morning (Doc. 13-2, Exh. 2).

On July 3, 2008, the Clerk of the Court assigned a case number and opened a case

1

shell in the Court's electronic case filing system (ECF) so that Wal-Mart could electronically file copies of its notice of removal and pleadings as required by **28 U.S.C. § 1446**. Wal-Mart promptly filed these documents later that day, alleging that this Court has diversity jurisdiction over the action (Doc. 2).

On July 11, 2008, Siddle filed a motion to remand (Doc. 10), to which Wal-Mart has now responded (Doc. 13). Siddle also seeks attorney's fees and costs incurred as a result of Wal-Mart's removal. Having reviewed the parties' filings, this Court **GRANTS** Siddle's motion to remand (Doc. 10) for the reasons set forth below.

### B. Analysis

The United States Court of Appeals for the Seventh Circuit has emphasized that federal district courts "are obliged to police the constitutional and statutory limitations on their jurisdiction." ***Krueger v. Cartwright,* 966 F.2d 928, 930 (7th Cir. 1993);** ***Joyce v. Joyce,* 975 F.2d 379, 386 (7th Cir. 1992);** ***Kanzelberger v. Kanzelberger,* 782 F.2d 774, 777 (7th Cir. 1986).**

Stated another way, this Court's exercise of subject matter jurisdiction is constrained by the well-established rule that federal district courts must interpret the removal statute narrowly and "presume that the plaintiff may choose his or her forum." ***Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993).** Any doubts regarding jurisdiction should be resolved in favor of remand to state court. *See Doe,* **985 F.2d at 911 (citing *Jones v. General Tire & Rubber Co.,* 541 F.2d 660, 664 (7th Cir. 1976)).**

**28 U.S.C. § 1446(b)** provides that a notice of removal must be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." The 30-day "period within

2

which a defendant must remove a case to federal court begins upon *receipt* of the complaint . . . ." *See Silva v. City of Madison,* **69 F.3d 1368, 1375 (7th Cir. 1995).**

As mentioned, Wal-Mart's filings indicate that it was served with the complaint on June 2, 2008 (Doc. 2-4, p. 1). Under 28 U.S.C. § 1446(b), Wal-Mart had thirty days after receipt of the complaint within which to file its notice of removal. There is no dispute that the thirty-day period expired on July 2, 2008.

On July 2, 2008, Wal-Mart submitted an email paying the $350.00 filing fee and included a copy of the complaint. As noted, the notice of removal was not submitted until July 3. The Clerk of the Court opened this case in ECF on July 3.

Wal-Mart appears to argue that it successfully removed this case on July 2, 2008 by submission of its email. Siddle contends that Wal-Mart did not fulfill the requirements of 28 U.S.C. § 1446 until July 3, 2008—one day after the expiration of the thirty-day time period for removal.

The Court agrees with Siddle that the Notice of Removal in this action was not filed until July 3, 2008. Wal-Mart's actions on July 2, 2008 were not sufficient to successfully remove the action to this District Court. As **Section 4.0 of the CM/ECF User Manual (revised Oct. 2007)** notes, once a new case is submitted via email, "[t]he Clerk will open [the] case in ECF and notify [the attorney] be e-mail/phone that [the] case is open and available for [the attorney] to electronically file the complaint/notice of removal." Additionally, **Electronic Filing Rule 3** provides as follows:

> Electronic transmission of a document to the ECF system consistent with these rules, together with the transmission of a 'Notice of Electronic Filing' from the court, constitutes filing of the document for all purposes of the Federal Rules of Civil Procedure . . . [A] document filed electronically is deemed filed at the date and time stated on the 'Notice of Electronic Filing' from the court. Filing a document electronically does not alter the filing deadline for that document. Filing must be completed before midnight local time where the court

3

is located in order to be considered timely filed that day . . . ."

**E-Filing Rules, Rule 3 (revised Sept. 2007).**

In other words, when a case is opened in the ECF system, the Clerk merely opens a shell of the case. It is only upon the actual submission of the notice of removal and complaint to the ECF system that the notice of removal is deemed filed. Here, that event occurred on July 3, 2008.

Moreover, even if emailing the documents to the Clerk on July 2, 2008 had been sufficient for filing, there is no dispute that the notice of removal was not included in the original email and was not sent until July 3, 2008. Thus, it is neither here nor there whether Wal-Mart attempted to remove the case on July 2, 2008. **28 U.S.C. § 1446** requires that a notice of removal be filed within thirty days. There is no version of the facts under which Wal-Mart could argue that it timely filed the notice of removal.

In short, it appears that this action was removable under 28 U.S.C. §§ 1332 and 1446, but that removal was subject to the requirement that Defendant file the notice of removal within thirty days of service. Wal-Mart's failure to comply with the statute's procedural requirements constitutes grounds for remand.

As mentioned, Siddle also seeks attorney's fees and costs incurred as a result of Wal-Mart's untimely removal of this action, as permitted by **28 U.S.C. § 1447(c)**. Siddle submits a statement of fees, accompanied by an affidavit wherein his attorney, Anthony Gilbreth, swears to the accuracy of fees charged (Doc. 11-4). The fees listed therein total $995.00. Wal-Mart does not contest the reasonableness of these fees in its response, and the Court finds that the fees and costs in the amount $995.00 are reasonable and just.

Accordingly, the Court directs Wal-Mart to pay Siddle a total of $995.00, as that

amount reflects the just costs and attorney's fees incurred as a result of Wal-Mart's untimely removal of this action.

### C. Conclusion

Because Wal-Mart did not file a timely notice of removal in accord with **28 U.S.C. § 1446,** the Court **GRANTS** Siddle's motion to remand (Doc. 10) and **DIRECTS** Wal-Mart to pay Siddle **a total of $995.00** in just costs and attorney's fees. This case is hereby **REMANDED** to the Circuit Court of St. Clair County, Illinois.

**IT IS SO ORDERED.**

**DATED this 18th day of July 2008.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**